IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER ALLEN SONES and LAURA ANN SONES, | : : | 4:11-cv-1073 |
| Plaintiffs, | : : | Hon. John E. Jones III |
| v. | : : | Hon. Thomas M. Blewitt |
| JOHN ANDREW SMAY, *et al.*, | : : | |
| Defendants. | : | |

## MEMORANDUM

**September 2, 2011**

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 8), filed on August 11, 2011, which recommends that this action be dismissed on the basis of the Plaintiffs' failure to prosecute this action by failing to comply with the Court's July 15, 2011 Order.[1] No objections to the R&R have been filed by any party.[2] For the reasons set forth below, the Court will adopt the R&R and this action shall be dismissed.

---

[1] Alternatively, Magistrate Judge Blewitt recommends that we vacate our June 27, 2011 Order denying Plaintiffs' Motion to Proceed *in forma pauperis*, grant the Plaintiffs *in forma pauperis* status solely for the purpose of filing this action and dismiss the action with prejudice.

[2] Objections to the R&R were due by August 29, 2011.

1

**I.    STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case amply confirms the Magistrate Judge's determinations.

**II.    PROCEDURAL BACKGROUND**

This action was filed by *pro se* Plaintiffs Christopher Allen Sones and Lauren Ann Sones alleging fraud, identity theft, extortion, collection of money under false pretenses, terrorizing witnesses, legal malpractice and legal misrepresentation by a court-appointed executor of an estate.  Named as Defendants are John Andrew

Smay, Esquire, the Commonwealth of Pennsylvania and the Court of Common Pleas, 44th Judicial District, Sullivan County Branch.

Simultaneous with the filing of the Complaint, the Plaintiffs filed a Motion for Leave to Proceed *in forma pauperis*, which the Magistrate Judge found to be deficient, inasmuch as the filing did not give sufficient information about the Plaintiffs' assets. Thus, on June 10, 2011, Magistrate Judge Blewitt issued an Order (Doc. 4) requiring the Plaintiffs to supplement their motion papers. Plaintiffs failed to supplement their motion, and thereafter, the Magistrate Judge issued an Order on June 27, 2011 requiring them to pay the $350.00 filing fee within ten (10) days. (Doc. 5).

On June 6, 2011, Plaintiffs filed an untimely, 8-sentence response to the Court's Order, stating that they, *inter alia,* had a bankruptcy petition pending in the Middle District of Pennsylvania and could not pay the filing fee. The Magistrate Judge then performed research into the Plaintiffs' alleged bankruptcy petition and determined that Plaintiffs did not in fact have any pending bankruptcy matters in the Middle District of Pennsylvania. Thereafter, Magistrate Judge issued an Order on July 15, 2011 directing the Plaintiffs to submit documentation as to the value of the real property owned by them as well as their tax returns for 2009 and 2012. Alternatively, the Plaintiffs were directed to pay the full filing fee. The Plaintiffs

were warned that their case would be dismissed if they failed to comply with the July 15, 2011 Order.

Plaintiffs failed to timely comply with the July 15, 2011 Order. Thereafter, the Magistrate Judge, *sua sponte*, gave the Plaintiffs an additional sixteen days to comply with the Order. Plaintiffs again failed to do so. On August 11, 2011, Magistrate Judge Blewitt issued the instant R&R, recommending dismissal of the action pursuant to F.R.C.P. 41(b), based on Plaintiffs' failure to comply with Court orders.

### III. DISCUSSION

As detailed in the R&R and herein, the Plaintiffs have been given multiple opportunities by the Magistrate Judge to either pay the requisite filing fee in this case or supplement their *in forma pauperis* application. Each time, Plaintiffs have failed to timely respond to the Magistrate Judge's directives. F.R.C.P. 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court . . ." As noted by the Magistrate Judge, in the instant matter, Plaintiffs have failed to both prosecute their action and to comply with orders of Court.

As we have already mentioned, neither Defendant nor the Plaintiffs have filed objections to this R&R. Because we agree with the sound reasoning that led

the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.[3] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[3] We commend Magistrate Judge Blewitt for performing a painstaking and thorough analysis of the case *sub judice*. While the procedural history compounded the difficulty of doing so, we are confident that the learned Magistrate Judge reached the appropriate conclusions.